**Zhou Seng YU, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–0415–AG.**

United States Court of Appeals,
Second Circuit.

Dec. 14, 2005.

1. Pursuant to Federal Rule of Appellate Pro-

cedure 43(c)(2), Attorney General Alberto R.

Dennis Lan, Yang & Lan, P.C., Flushing, New York, for Petitioner.

Robert G. McCampbell, United States Attorney for the Western District of Oklahoma, Kay Sewell, Assistant United States Attorney, Oklahoma City, Oklahoma, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Zhou Seng Yu petitions for review of the BIA's decision affirming an immigration judge's ("IJ's") final order of removal. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

Because the BIA issued a separate opinion that does not adopt any part of the IJ's opinion, this Court reviews the BIA's opinion on its own. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). The only issues on appeal are (1) whether the harm Yu suffered in China constitutes persecution, (2) whether the harm Yu fears he might suffer if returned to China constitutes persecution, (3) whether Yu was harmed or fears future harm on account of a protected ground, and (4) whether it is more likely than not that Yu could be tortured upon return to China. Because these are all questions of the application of law to fact, they are reviewed *de novo. See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

A. Past Harm

■ The BIA found that the harm Yu suffered while in China did not rise to the

Gonzales is automatically substituted for former Attorney General John Ashcroft as a re-

spondent in this case.

level of persecution. Because he housed his cousin, a suspected Falun Gong organizer, Yu's house was searched without a warrant, his furniture was destroyed, he lost his job, and he was threatened with arrest. At the time Yu lost his job, he had not been working at that job for over a year anyway and had already found other employment. Therefore, being officially dismissed from his job did not result in a change in circumstances constituting a severe economic disadvantage. *See Guan Shan Liao v. U.S. Dept. of Justice*, 293 F.3d 61, 70 (2d Cir.2002). Although the destruction of Yu's furniture was unfortunate, it does not appear that it resulted in a complete loss of his home, as he stated that his family still lives in the same house. The warrantless search and summons for Yu's arrest are certainly a threat to his freedom, but do not rise above mere harassment, even when considered cumulatively with the economic harm Yu suffered. *See Tian–Yong Chen*, 359 F.3d 121, 128 (2d Cir.2004); *see also Medhin v. Ashcroft*, 350 F.3d 685, 689 (7th Cir.2003).

### B. Future Harm

The BIA also found that the harm Yu fears he would suffer if returned to China did not rise to the level of persecution. With respect to this finding, we note an unexplained discrepancy between the BIA's finding and the petitioner's testimony that "I will be tortured" in response to the question "What do you think will happen if you are forced to return to the Peoples Republic of China?" JA 90 (page 44 of the Sept. 3, 2002, hearing). Although the IJ concluded that Yu was not credible, JA 41 (page 12 of the Sept. 3, 2002, hearing), the BIA stated, "We will accept the veracity of [Yu's] testimony." JA 2. Torture unquestionably rises to the level of persecution because it constitutes life-threatening or non-life-threatening violence and abuse. *See Tian–Yong Chen*,

359 F.3d at 128. If Yu's testimony is to be accepted, the BIA must explain why the claim of feared torture for aiding a Falun Gong member does not satisfy Yu's burden of proof. We intimate no view as to the credibility of Yu's testimony.

### C. Nexus to a Protected Ground

The BIA also found that the harm Yu fears upon return to China would not be on account of a protected ground. The BIA did not explain the basis for this conclusion, which overlooks the evidence that Chinese authorities may have imputed an anti-government opinion or Falun Gong affiliation to Yu because he refused to disclose the whereabouts of his cousin, a Falun Gong practitioner. *See Chun Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir.2005).

### D. CAT Claim

Because Yu did not argue his CAT claim before this Court, it is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).